**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

# FILED

DEC 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>      Petitioner,<br><br>v.<br><br>OAKRHEEM, INC., d/b/a Haywood Convalescent Hospital,<br><br>      Respondent. | No. 23-47<br><br>NLRB No. 32-CA-294577<br><br>MEMORANDUM* |
| OAKRHEEM, INC., d/b/a Haywood Convalescent Hospital,<br><br>      Petitioner,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>      Respondent. | No. 23-77<br><br>NLRB No. 32-CA-294577<br><br>MEMORANDUM* |

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted December 7, 2023
San Francisco, California

Before: S.R. THOMAS, BRESS, and JOHNSTONE, Circuit Judges.

The National Labor Relations Board ("the Board") petitions for enforcement of its order determining that Oakrheem, Inc., d/b/a Haywood Convalescent Hospital ("Oakrheem") violated Sections 8(a)(5) and (1) of the National Labor Relations Act by refusing to recognize and bargain with the Service Employees International Union, Local 2015 (the "Union"). Oakrheem cross-petitions for review of the Board's order. We grant the Board's petition for enforcement and deny Oakrheem's cross-petition. Because the parties are familiar with the history of the case, we need not recount it in any detail.

The issue on appeal is whether the Board erred by refusing to hold an evidentiary hearing on Oakrheem's objection to the election. "The Board's decision not to grant an evidentiary hearing on election objections is reviewed for an abuse of discretion." *NLRB v. Valley Bakery, Inc.*, 1 F.3d 769, 772 (9th Cir. 1993).

To obtain an evidentiary hearing on an election objection, the objecting party must proffer evidence in its offer of proof which, if true, would warrant

overturning the election. 29 C.F.R. § 102.69(c)(1)(ii); *Valley Bakery*, 1 F.3d at 771–72. The Board will only overturn an election due to supervisory pro-union conduct if (1) "the supervisor's prounion conduct reasonably tended to coerce or interfere with the employees' exercise of free choice in the election," and (2) "the conduct interfered with freedom of choice to the extent that it materially affected the outcome of the election." *Harborside Healthcare, Inc.*, 343 N.L.R.B. 906, 909 (2004).

The Regional Director did not abuse her discretion in concluding that the evidence in Oakrheem's offer of proof would be insufficient to warrant an evidentiary hearing. "To obtain an evidentiary hearing on an election objection, the objecting party must make a prima facie showing that substantial and material issues of fact exist that would warrant setting aside the election." *Valley Bakery*, 1 F.3d at 771–72. "To establish a prima facie case, the objecting party must plead facts which, if true, would support a finding that (1) threats were made, and (2) an 'employee was actually coerced or intimidated' by the threats." *Id.* at 772 (quoting *NLRB v. Belcor, Inc.*, 652 F.2d 856, 861 (9th Cir. 1981)). However, "'[t]he proffer [of evidence] may not be conclusory or vague; it must point to specific events and specific people.'" *Id.* (alterations in original) (quoting *Anchor Inns, Inc. v. NLRB*, 644 F.2d 292, 296 (3d Cir. 1981)).

3

Here, Oakrheem tendered an offer of proof that alleged a supervisor had distributed some pro-union cards. However, the offer of proof contained only vague and conclusory allegations concerning whether the identified employee was a statutory supervisor, whether she possessed supervisory authority, and whether she actually passed out union cards.

Further, as to the alleged actions, Oakrheem failed to identify specific evidence to support these allegations. The offer of proof must "identify[] each witness the party would call to testify concerning the issue and summariz[e] each witness's testimony," 29 C.F.R. § 102.66(c), and cannot be "'conclusory or vague.'" *Valley Bakery*, 1 F.3d at 772 (quoting *Anchor Inns*, 644 F.2d at 296 (3d Cir. 1981)). Oakrheem's offer of proof only described a hearsay report and then promised it would establish the facts later.

In addition, the offer of proof failed to identify any employee who was actually coerced or intimidated. And even if the allegation that union cards were passed out was established, passing out union cards does not necessarily "reasonably tend[] to coerce." *See Harborside*, 343 N.L.R.B. at 909. "A supervisor's . . . *giving out* authorization cards does not invalidate an election." *NLRB v. Hawaiian Flour Mill, Inc.*, 792 F.2d 1459, 1463–64 (9th Cir. 1986) (emphasis added). Thus, Harborside's holding that solicitation of union cards was

4

inherently coercive does not establish that passing out union cards is similarly coercive.

Finally, even if Oakrheem had established coercive conduct under *Harborside* step one, it could not establish a material impact under *Harborside* step two. *See Harborside*, 343 N.L.R.B. at 909; *Sanitation Salvage Corp.*, 359 N.L.R.B. 1129, 1129–31 (2013). The election was a lopsided vote in favor of unionization, and the alleged supervisor only arguably supervised a few employees, which would not have been enough to upset the Union's large margin of victory.

In short, Oakrheem did not meet its "heavy burden in charging that coercion prevented a fair election." *Valley Rock Prods., Inc. v. NLRB*, 590 F.2d 300, 302 (9th Cir. 1979) (per curiam). It did not tender an offer of proof sufficient to satisfy the standards established by case law. Thus, the Regional Director did not abuse her discretion in finding that Oakrheem's insufficient offer of proof did not warrant an evidentiary hearing.

The Board's order is **ENFORCED**, and Oakrheem's petition is **DENIED**.